EARL C. DREW *v.* F. H. BOWEN ET AL.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed May 11, 1929.

*A. B. Rowley* for defendant Fred H. Bowen.

*P. L. Shangraw* for defendant G. S. Draper.

POWERS, J.   The plaintiff, as stakeholder, had in his hands $500, which was claimed by both Bowen and Draper, defendants. He brought a bill of interpleader against them and H. A. Gilman.   The latter was defaulted, and Bowen and Draper were ordered to interplead and did so.   The fund was paid into court, where it awaits the decision as to its ownership.   The court below, acting on an agreed statement of facts, awarded the money to Draper.   Bowen appealed.

It appears that Draper, on the 25th day of May, 1926, being then in possession of a certain farm and the personal property thereon, in Richford, entered into a written contract with Bowen, whereby he agreed to sell the farm and property to the latter for $5,000.   To bind the bargain, Bowen paid to the plaintiff, the agent of both parties, the sum of $500, which by the contract was to be forfeited if Bowen failed to live up to his part of the agreement.   It was stipulated in the writing how the balance of the purchase price was to be paid, and that the final writings were to be drawn on or about June 1 then next. About a week after the written contract was executed, and, so far as shown, before such final writings were drawn or demanded, Bowen informed Drew that he was not going on with the purchase, and demanded the $500, which demand was refused.

██ ██   The contract evidenced by the writing of May 25 was executory (*Vermont Marble Co.* v. *Mead,* 85 Vt. 20, 80 Atl. 852; *Waite* v. *Stanley,* 88 Vt. 407, 92 Atl. 633, L. R. A. 1916C, 886), and, in every executory contract for the sale of land,

there is an implied condition that the vendor will transfer to the vendee a title unencumbered with defect, unless the contract is expressly to the contrary. *Crim* v. *Umbsen,* 155 Cal. 697, 103 Pac. 178, 132 A. S. R. 127; *Justice* v. *Button,* 89 Neb. 367, 131 N. W. 736, 38 L. R. A. (N. S.) 1. So Bowen was entitled to a good title—not because the contract says so, but because the law says so. *Refeld* v. *Woodfolk,* 22 How. 318, 16 L. ed. 370, 375.

The respective undertakings of the parties were concurrent and dependent, and neither could put the other in default without performing or tendering performance, or showing that he was ready and willing to perform. *Hambleton* v. *U. Aja Granite Co.,* 96 Vt. 199, 202, 118 Atl. 878. As we have seen, the case was heard below on an agreed statement of facts. To these nothing can be added by way of inference, except what necessary inference requires. *City of Barre* v. *Town of Bethel,* 102 Vt. 22, 145 Atl. 410. All we know about the date on which the final writings were to be drawn is that it was to be "on or about June 1." All we know about the date on which Bowen gave the notice to Drew is that it was "about a week" after May 25. Whether or not the time for making the final papers had then arrived, is not stated. If it had, the right to the deposit was in Bowen, for Draper could not then convey good title, as we shall see. *Lawrence* v. *Dole,* 11 Vt. 549, 555. If it had not the case is more difficult.

Drew being the agent of both parties, Bowen's notice to him was equivalent to a notice to Draper, and was enough to put Bowen in default under the written contract and preclude him from claiming the earnest money, unless he then had a right to rescind the contract. The mere fact that Draper did not have the title when the written contract was executed, did not affect its validity. An agreement whereby one engages to convey in the future property which, at the time of making the contract, he does not own is not illegal. *Masters* v. *Van Wart,* 125 Me. 402, 134 Atl. 539, 540; *Paynesville Land Co.* v. *Graybow,* 160 Minn. 414, 200 N. W. 481; *Hanson* v. *Fox,* 155 Cal. 106, 99 Pac. 489, 20 L. R. A. (N. S.) 338, 340, 132 A. S. R. 72; *Trask* v. *Vinson,* 20 Pick. (Mass.) 105, 109; *Baird Inv. Co.* v. *Harris* (C. C. A.), 209 Fed. 291; *White* v. *Bates,* 234 Ill. 276, 84 N. E. 906, 907. But Draper was required by his contract to acquire the title so as to be able to convey it free and clear

when the time came for him to perform. Ordinarily, one so situated has all the time that the contract of sale gives him in which to get in the title, and he cannot be put in default by a premature tender of the purchase money; but, where the nature of the defect of title is such that the vendor cannot acquire it, the purchaser may rescind and put an end to the contract to purchase, even before the day for the delivery of the deed arrives. In such a case, it is not enough (as here agreed) that the vendor is "willing" to perform on his part.

_Wells, Fargo & Co._ v. _Page_, 48 Ore. 74, 82 Pac. 856, 3 L. R. A. (N. S.) 103, is very much in point. It, too, was an interpleader. It involved a purchase of land by one Gilbert from Benson and Hyde. The controversy was over a sum paid into the bank by Gilbert, to be forfeited if he failed to go through with his purchase. Benson and Hyde did not then own the land. It was held that since the money was originally Gilbert's, and since he made the deposit, he was entitled to have it back, unless the vendors of the land had an action against him for a breach of the contract of purchase. There, as here, the purchaser renounced the contract before the time of performance had expired. But it was held that a vendor of real estate cannot enforce the contract against a purchaser in default or who repudiates it, unless he, himself, is in a position to perform. The vendors there being unable to give title, the decree for Gilbert was affirmed. That case was approved and extensively quoted from in _Higgins_ v. _Kenney_, 159 Ga. 736, 126 S. E. 827, 40 A. L. R. 685, though it was a case where the time had run. In _Burks_ v. _Davies_, 85 Cal. 110, 24 Pac. 613, 20 A. S. R. 213, it was held that one holding an option on land, who discovers a defect in the title before the expiration of the time specified in the contract, may at once rescind and recover what he has paid thereunder. To the same effect is _Goetz_ v. _Waters_, 34 Minn. 241, 25 N. W. 404. See, also, _Judson_ v. _Wass_, 11 Johns. (N. Y.) 525, 6 A. D. 392. The reason why the vendee is not required to tender performance in such cases, is that to do so would be a useless gesture, which the law never requires. _Hambleton_ v. _U. Aja Granite Co._, supra. For the same reason, it was not necessary for Bowen to wait for the arrival of the day on which final writings were to be drawn. The situation then would be just what it was when he gave notice to Drew. The agreed

facts show that there was and had been for about a year an outstanding right of way across the farm, one hundred feet wide, owned by a power company and occupied by a pole line with crossarms and wires for the transmission of electric current. There was nothing to indicate that this right of way could be acquired by Draper, either by negotiation or the processes of law or equity. It was an incumbrance on the farm and made Draper's title defective. *Clark* v. *Conroe's Estate*, 38 Vt. 469; *Russ* v. *Steele*, 40 Vt. 310. Though a defect of this general character may in some circumstances, be too trivial for the law's notice (*Brown* v. *Aitken*, 88 Vt. 148, 92 Atl. 22, Ann. Cas. 1916D, 1152), it cannot be said that this one is. A partial failure of title is enough to give rise to a right of rescission. *Ankeny* v. *Clerk*, 148 U. S. 345, 37 L. ed. 475, 480, 13 Sup. Ct. 617. Nor is the motive that actuates the rescission material, if the party actually has the right to rescind. *Grim* v. *Umbsen, supra.*

*Decree reversed, and cause remanded, with directions that a decree be entered awarding the fund in controversy to Fred H. Bowen.*