Kons, Respondent, vs. PALLANGE, Appellant.

*September 13—October 16, 1945.*

494

*William E. Burke* of Milwaukee, for the appellant.
*John A. Lonsdorf* and *Edward J. Byrne,* both of Appleton, for the respondent.

BARLOW, J.   Defendant contends, (1) that the statute of limitations has run against this action and it should therefore be dismissed, and (2) that plaintiff's failure to make payments on the three land contracts as they became due terminated the contracts and forfeited prior payments.   These are the same contentions that were made when the case was before this court the first time, and both questions were decided against the defendant.

It is now argued that the former decision was made on the basis of plaintiff's evidence alone, as motion for nonsuit was made at the close of plaintiff's case, which motion was granted by the trial court.   It was an established fact before this court at the first hearing that the plaintiff was in default in his payments under the terms of the contracts.   The additional evidence offered by defendant is a letter of June 10, 1932, demanding that delinquent payments be made current on or before July 1, 1932, and we have the further testimony of defendant that if payments had been made in accordance with the terms of the contracts he would have been able to deliver title free and clear from all incumbrances, as provided in the land contracts.   We do not consider that this changes the conclusions reached in the former decision.   In a letter to the

plaintiff, dated December 17, 1931, defendant said: "Times are hard everywhere." And also said: "Try to meet your payments as best you can and fear not." This letter was written when payments under the contracts were current. In this letter defendant recognized the fact which was common knowledge to everybody—that economic conditions were bad, money difficult to obtain, and values greatly decreased. Defendant had a right to rescind the contracts as set forth in his letter of June 10th, but prior to the expiration of the time fixed in defendant's letter of June 10th, defendant again wrote plaintiff on June 29, 1932, making these statements in different parts of the letter: "Then after that suit, which we hope to win, I'll have clear title and will be able to give you clear title, and we will come together on the price of the lots." "You go see George Mayer and whatever you and he can agree on will be satisfactory for George is an honorable man. He is my agent there now and the only one." "You and I will come to a satisfactory agreement for you are an honorable man and I try to be honest also." This letter was written by defendant less than three months after plaintiff had talked with defendant and called his attention to the fact that there was a mortgage on the premises, and there was a discussion about the delivery of title. Pursuant to defendant's letter, plaintiff and defendant's agent, Mayer, who was also receiver in the foreclosure proceeding, arrived at what was intended to be a settlement of these land contracts, whereby Mayer accepted the sum of $45 from plaintiff and conveyed to him, in his official capacity, the three lots described in the land contracts, together with an additional lot. The deed was later set aside by the court for the reason that Mayer had no authority, as receiver, to execute it, or the matter would have been fully disposed of and settled by that transaction.

Counsel contends that plaintiff could not question defendant's title at the time of his default, and asserts that the proof shows defendant was in a position to deliver good title if plain-

tiff had made his payments in accordance with the terms of the contract. To sustain his position, defendant cites *Knapp v. Davidson* (1923), 179 Wis. 493, 192 N. W. 75, and other cases, which hold that in the absence of misrepresentation or fraud, a vendee cannot, prior to the time fixed in the contract for conveyance, complain that the vendor's title is defective or incumbered. We approve all that is said in *Knapp v. Davidson, supra,* but there are exceptions to the general rule contended for by defendant, and plaintiff comes within an exception. It was held in the prior decision, and is here affirmed, that the defendant waived payment of the remaining instalments in accordance with the terms of the contracts, thus keeping the contracts in full force and effect until the foreclosure of the mortgage was completed on October 31, 1936, which divested defendant of any title to the lots which plaintiff purchased. This placed plaintiff in position to rescind the contracts and recover his damages.

"But where the nature of a defect in title is such that the vendor cannot acquire the title agreed upon, the vendee may rescind and put an end to the contract, even though the time for the delivery of the deed has not arrived. In such a case it is not enough that the vendor is 'willing' to perform on his part." 102 A. L. R. 877. See also *Drew v. Bowen* (1929), 102 Vt. 124, 146 Atl. 254.

It is considered the trial court properly granted judgment for the plaintiff.

*By the Court.* Judgment affirmed.