DOROTHY K. ENEQUIST *v.* ERNEST E. BEMIS ET AL.
(55 A2d 617; 56 A2d 5)

October Term, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ. and
CLEARY, Supr. J.

Opinion filed November 4, 1947.
Opinion on motion for reargument filed December 17, 1947.

*Edwards & Bigelow* for the plaintiff.

*Gibson, Gibson & Crispe* (*Ralph Chapman* on the brief) for the defendant.

MOULTON, C. J. On February 26, 1938, the parties to this action entered into a written contract whereby the defendants agreed to sell and convey to the plaintiff, and the plaintiff agreed to purchase, certain real estate, "described approximately as follows: Two hundred and seventy-five (275) acres located in the town of Westminister, Vermont, known as the farm of Ernest E. Bemis and more fully described in the deed of said premises recorded in Westminister Town Clerk's office, Book 30, page 20," together with certain described personal property. The contract price was $4200. of which $420. was paid by the plaintiff to the defendants at the time of signing the contract, as that instrument provided that it should be, and the balance was due at the time set therein for the delivery of the deed, and the possession of the premises, April 30, 1938, at 11 A. M. The contract further provided as follows: "It is understood and agreed that the property herein described has been inspected by the Buyer or the Buyer's duly authorized agent; that the same is and has been purchased by the said Buyer solely as a result of said inspection."

The transaction was not consummated and the plaintiff has brought this action to recover the sum of $420. which has not been repaid to her by the defendants, together with interest thereon. The original writ was dated August 17, 1938, with a declaration in the common counts. On December 14, 1945, the plaintiff filed what she calls her specification, but what is in reality an additional count to the declaration, which contains allegations that the contract for sale was entered into between the parties; that before April 30,

1938, it became apparent that the defendants were unable to convey 275 acres of land; that she rescinded the contract and demanded the return of the $420. down payment, which was refused. That thereafter the defendants conveyed the property to third persons, thus making it impossible for them to carry out the contract.

The cause was tried by jury and resulted in a directed verdict for the defendants. The exceptions of the plaintiff challenge this ruling, and also the admission of certain evidence.

The only witness who testified at the trial was the defendant Ernest E. Bemis, who was called by the plaintiff. It appears that the plaintiff and her husband gave their depositions in New York City, but these depositions were not put in evidence. Bemis testified that he said to the real estate agent with whom he listed the farm for sale that the acreage was 275 acres more or less, as near as he could tell. He had never had the property surveyed. He testified that he and his wife, the other defendant, attended at the time and place appointed in the contract for the purpose of closing the sale, along with their attorney, for the purpose of giving the deed but that the plaintiff "called the deal off." No reason for her doing so was given. Subsequently, on May 19,1941, the defendants conveyed the farm to Edward J. McDougal, Jr. and Katherine E. McDougal, describing it as containing 200 acres more or less.

We first consider the exception to the granting of the motion for a directed verdict. The plaintiff here and below has taken the position that the parties labored under a mutual mistake in estimating the acreage of the farm, and that therefore there was no meeting of their minds upon the subject matter, and no contract existed, which gave the plaintiff the right to the return of the money that she had paid. In her brief the issue is thus stated: "The question is whether a prima facie cause of action for the return of the down payment of $420. has been established based on the variation of the quantity of land contained in the land contract and the admission of the defendants on the quantity of their land in their deed to the McDougals."

The defendants maintain that the contract was for the sale of the specified tract of land, that is, for a sale in gross and not by the acre; that the statement of the approximate acreage was mere matter of description; that the plaintiff, or her authorized agent, had inspected the property before the execution of the contract; and that she contracted in reliance upon the information thus obtained regarding its contents.

■ Where a contract has been entered into under a mutual mistake of the parties regarding a material fact affecting the subject matter thereof, it may be avoided in a court of law at the instance of the injured party, and an action lies to recover money paid under it. *Bedell* v. *Wilder,* 65 Vt 406, 410, 26A 589, 36 Am St Rep 871; *Faulkner* v. *Hebard,* 26 Vt 452, 459; *Ketchum* v. *Catlin,* 21 Vt 191, 194. The mistake must be one vitally affecting a fact or facts on the basis of which the parties have contracted; and where they have mutually assumed a certain state of facts to exist and contracted on the faith of that assumption, relief from the bargain should be given if the assumption is erroneous. 5 Williston, Contracts (Rev. Ed.) para. 1544, p. 4334. Restatement, Restitution, para. 9 (3) para. 16, comment c. But in the absence of a mistake of this nature, or of some other matter making the transaction voidable, such as fraud, duress, infancy or the like, "one of the parties can no more rescind the contract without the other's express or implied assent, than he alone could have made it." *Fay* v. *Oliver,* 20 Vt 118, 122, 49 Am Dec 764.

■ It is clear that this contract was for a sale in gross. The phrases "described approximately as", in the agreement, and "more or less" in the deed from the defendants to the McDougals, referring to the acreage in each instance, are the same in meaning. They are words of safety and precaution, intended to cover some slight and unimportant inaccuracy and, where the property is described by metes and bounds, and the identity of the tract is in issue, are regarded as a mere matter of description, since the boundaries control the quantity actually conveyed. *Parrow* v. *Proulx,* 111 Vt 274, 278-9, 15 A2d 835, and cases cited. But it has been held in numerous decisions that where the disparity between the estimated and the actual quantity of land is palpable and unreasonable, and the contract for sale, or the deed, was the result of a mutual mistake as to this fact, the injured party is entitled to relief.

In *Darling* v. *Osborn,* 51 Vt 148, on foreclosure proceedings the defendant sought a reduction of the amount due on his note secured by a purchase money mortgage, on the ground of a mutual mistake as to the acreage of the real estate. The property consisted of two lots, described by number in the deed, "supposed to contain 100 acres each, more or less." It appeared that one of the lots contained slightly over 60 acres, and the other 53 acres, and

that the statement as to quantity was due to the mutual mistake of both parties to the deed and was relied upon by the defendant. In granting the desired relief the court said (quoting with approval from *Couse* v. *Boyles,* 4 NJ Eq 212, 3 H. W. Green, 212, 216, 38 Am Dec 514) : "When land is sold as containing so many acres, more or less, if the quantity, on an actual survey or estimation, either overrunning or falling short of the contents named, be small, no compensation should be recovered by either party. But if the variance is considerable, the party sustaining the loss should be allowed for it; and this rule should prevail when it arises from mistake only, without fraud or deception." (p. 157). *Payne* v. *Upton,* 87 NY 327, 334, 41 Am Rep 371, was a similar proceeding to obtain a deduction from the amount of a bond secured by a purchase money mortgage. The material facts were and the result was the same as in *Darling* v. *Osborne* (which was cited and followed) in that the sale was in gross, the land described as embracing a given number of acres "more or less", and the sale was claimed to be due to a mutual mistake as to quantity conveyed, which materially affected the consideration. It has many times been held that under such circumstances a court of equity will grant rescission of the instrument upon application of the injured party to the contract. *Belknap* v. *Sealey,* 14 NY 143, 67 Am Dec 120, 128; *Solinger* v. *Jewett,* 25 Ind 479, 87 Am Dec 372, 373-4; *Harrill* v. *Hill,* 19 Ark 102, 68 Am Dec 202, 207; *O'Connell* v. *Duke,* 29 Tex 299, 94 Am Dec 282, 285; *Bigham* v. *Madison,* 103 Tenn 358, 52 SW 1074, 47 LRA 267, 268; *Newton* v. *Tolles,* 66 NH 136, 19 A 1092, 1093, 9 LRA 50, 49 Am St Rep 593, and *Noble* v. *Googins,* 99 Mass 231, 235. See also *Brown* v. *Aitken,* 88 Vt 148, 152, 92A 22, Ann Cas 1916D 1152. No decisions to the contrary have been found.

*McDonough* v. *Hanger,* 94 Vt 195, 111 A 452; *Wilder* v. *Davenport,* 58 Vt 642, 5A 753; and *Beach* v. *Stearns,* 1 Aik. 325, cited by the defendants are not in point, because these decisions concern actions for breach of covenant, and in no one of them is there any issue of mutual mistake.

▉ If it is shown that the hazard of gain or loss, whatever it may be, was accepted by the parties and entered into the contract, relief will be refused. *O'Connell* v. *Duke,* 29 Tex 299, 94 Am Dec 282, 285. But where the contract is for the payment of a gross sum for a tract of land upon the estimate of a given quantity with

the phrase "more or less" or its equivalent, the presumption is that the contract is not one of hazard. *McComb* v. *Gilkensen,* 110 Va 406, 66 SE 77, 135 ASR 944, 946, 948. The vendee does not ipso facto take all risk of quantity so as to preclude the claim of a mistake, where the difference between the estimate and the actual acreage is unreasonable. *Bigham* v. *Madison,* 103 Tenn 358, 52 SW 1074, 47 LRA 267, 268.

The equitable principle of the decisions above mentioned applies in the present case. The plaintiff agreed to purchase a designated parcel of land, containing, with allowance for slight and unimportant inaccuracies, 275 acres. By their deed to the McDougals, the defendants conveyed all and the same land as containing 200 acres, with the same allowance. The latter description was an admission by them that the farm consisted of only about that quantity, *Trustees Caledonia Co. Grammar School* v. *Howard,* 84 Vt 1, 14, 77A 877; *Smith* v. *Vermont Marble Co.,* 99 Vt 384, 392, 133A 355. There was, therefore, evidence upon which the jury could find that there was an unreasonable difference in acreage between the quantity stated in the contract for sale and the amount actually embraced within the limits of the property, and that this discrepancy was material and such as to go to the essence of the contract. *Newton* v. *Tolles,* 66 NH 136, 19 A 1092, 1093, 9 LRA 50, 49 Am St Rep 593. The materiality of this fact would be evidence that the parties acted upon a mistaken assumption with regard to it. 5 Williston on Contracts (Rev. Ed.) para. 1544, p. 4334; 2 Restatement, Contracts, para. 502, comment a. In the absence of any showing of special facts and circumstances the natural inference is that in a sale of agricultural land the element of quantity enters into the transaction and affects the consideration agreed to be paid. *Payne* v. *Upton,* 87 NY 327, 331, 41 Am Rep 371.

The doctrine of our cases is that there must be a reliance upon the mistake regarding the subject matter of the contract, in order to gain relief. *Flint* v. *Davis,* 110 Vt 401, 407, 8 A2d 671. But, in the absence of direct testimony on this point, where the representation is of such a nature as would induce a person to enter into a contract, and he does so, it is a fair inference, which the jury may draw, that reliance was placed thereon. *Ste. Marie* v. *Wells,* 93 Vt 398, 400, 108A 270; *Plant* v. *Ahlberg,* 104 Vt 16, 18, 156A 535. True, these cases were actions based upon fraudu-

lent representations, but the rule is the same where the question is one of mistake. *Flint* v. *Davis, supra.*

■ The fact that the plaintiff or her agent inspected the farm before the execution of the contract does not necessarily show the absence of a mistake as to its quantity. *Bigham* v. *Madison,* 103 Tenn 358, 52 SW. 1074, 47 LRA 267, 269; *Payne* v. *Upton,* 87 NY 327, 337, 41 Am Rep 371; *Newton* v. *Tolles,* 66 NH 136, 19A 1092, 1093, 9 LRA 50, 49 Am St Rep 593.

We are of opinion, therefore, that the issues of mutual mistake and reliance thereon should have been submitted to the jury, and that there was error in the direction of the verdict.

Since the question has not been raised either here or below, we do not consider whether the conduct of the defendants in failing to take steps to enforce the contract and in conveying the property to third parties was such as to permit the jury to find an implied assent on their part to a recission of the agreement. *Brown* v. *Aitken,* 88 Vt 148, 151, 92A 22, Ann Cas 1916D 1152.

· ■ An exception was taken to the exclusion of the agreement for listing the property for sale between the defendants and the real estate broker. It is claimed to be admissible because it contained a statement that the farm contained about 275 acres. If there was error in the ruling, it was harmless, because Ernest Bemis admitted that he had so stated when he listed the property for sale. *Ainsworth* v. *Hutchinson,* 52 Vt 554, 557; *Griffin* v. *Boston and Maine R. R. Co.,* 87 Vt 278, 289-90, 89A 220; *Healy, Admr.* v. *Moore,* 108 Vt 324, 334, 187A 679, and cas. cit.

*Judgment reversed and cause remanded.*

## ON MOTION FOR REARGUMENT

MOULTON, C. J. The first ground of the defendants' motion for reargument is that we have failed to appreciate that the plaintiff proceeded in the trial court upon a different theory than the one presented on the hearing before us. It is contended that her position as taken below was that the contract for sale was broken by the defendants, and not that she had rescinded it, and this, it is claimed, appears conclusively from her pleadings and the tenor of the evidence produced on her behalf.

The so-called "specification" is inartificially drawn, but is sufficient to raise the issue of recission. As we have seen, it is

alleged therein that before the day set for the completion of the sale (April 30, 1938) it became apparent that the defendants were unable to convey 275 acres of land, and that the plaintiff rescinded the contract. The action was not brought to recover damages suffered by a breach of the contract but to recover the part of the purchase price that had been paid. The evidence, introduced for the purpose of showing that the acreage of the farm was much less than what was agreed to be sold, and that the plaintiff refused to accept the deed, is not inconsistent with the claim of a rescission of the contract. Added to this is the plaintiff's contention that there had been a mutual mistake, made in the trial court. It does not appear that there has been a change of theory in the conduct of the plaintiff's case. *Brown* v. *Aitken*, 88 Vt 148, 151, 92A 22, Ann Cas 1916D 1152, is not, on this point, an authority in the defendants' favor.

The second ground of the motion is that the evidence was such that the jury could not find that the actual size of the farm was only about 200 acres, without indulging in conjecture. This argument was fully presented by the defendants' brief on the original hearing. We held, however, that there was a question for the jury. In the contract the land was represented to consist of 275 acres, and it is not claimed that this representation was made in bad faith or otherwise than as the result of a mistake. As is said in the defendants' brief on this motion, Ernest Bemis did not know what the acreage was. More than three years later the defendants, in their deed to the McDougals, admitted that the same farm contained only about 200 acres. In determining the relative credibility of these two statements the jury would have been justified in considering whether, in view of the latter, the defendants had not in the interim during which they remained in possession and control of the property acquired a more accurate knowledge of its extent than they had when they executed the contract for sale.

Lastly, it is insisted that the clause in the contract to the effect that in entering into it the plaintiff relied solely upon an examination of the premises by herself or by her agent, necessarily implies that there could have been no reliance upon anything else, hence no reliance upon the defendants' representation as to the quantity of land embraced in the farm. If this were an action based upon a fraudulent representation there would be force to this argument. But, as we have pointed out, in cases where a mistake is alleged as

a ground for the rescission of a contract the requisite reliance must be upon the erroneous belief which constitutes the mistake, in the same way that reliance upon a false representation must be shown where fraud is in issue. It may well be that an inspection of a parcel of land will result in a mistake as to its extent. For this reason the provision in the contract is not, as a matter of law, conclusive upon the question presented here.

We see no reason for revising our decision that the cause should have been submitted to the jury.

*Motion for reargument denied. Let full entry go down.*