## Ulric Berard v. Raymond J. Dolan

(100 A2d 581)

October Term, 1953.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed November 3, 1953.

*William R. McFeeters* for the defendant.

*Omer L. Moreau* for the plaintiff.

Jeffords, J. This is an action of contract to recover money claimed to have been paid under a mutual mistake of fact. The case was tried by jury with a resulting verdict and

judgment for the plaintiff. It is here on exceptions of the defendant. The first exception briefed is to the refusal of the trial court to direct a verdict for the defendant.

The facts taken in the light most favorable to the plaintiff as they must be in considering this exception are as follows: The plaintiff came to see the defendant about purchasing a store owned by the latter in Sheldon Springs. The purchase price of $10,500.00 was agreed upon. The question of its financing arose. The defendant told the plaintiff that a bank had a $6,000.00 mortgage on the property which could be transferred to the latter. The plaintiff said that he had to be sure about this financing as all that he had was $4,500.00 to pay the difference. The defendant told the plaintiff that this mortgage was on the store property and on that alone. He produced a card which showed a $6,000.00 mortgage.

The next day the plaintiff stopped at the bank and was informed that it held a mortgage on the property. He then made a down payment of $500.00 on the purchase price. After this was done he asked the defendant to call the bank on the telephone to find out when the necessary papers could be executed to complete the mortgage financing. The defendant called and the plaintiff could tell from the conversation he heard that there was trouble about something. He asked what it was and was told that they wanted to see him at the bank. He went the next day and was told that the mortgage covered not only the store property but other property as well. He was informed that the bank would not take a mortgage for $6,000.00 on the store property alone. The plaintiff then went to the defendant and requested a return of the $500.00. The request was refused and this suit was brought.

■ Where a contract has been entered into under a mutual mistake of the parties regarding a material fact affecting the subject matter thereof, it may be avoided in a court of law at the instance of the injured party, and an action lies to recover money paid under it. *Enequist* v. *Bemis*, 115 Vt 209, 212, 55 A2d 617, 56 A2d 5, 1 ALR2d 1, and cases cited. The defendant admits that this is a correct statement of the law but claims there was no mutual mistake here because [1] the defendant as a signer of the mortgage in question was charged

with knowledge of his act and [2] the plaintiff was charged with notice of what was covered by the mortgage from its record.

The defendant testified that when he talked with the plaintiff about the sale of the property and the subject of mortgages he knew that the only mortgage on it also covered other property. If the jury believed this statement there was no mutual mistake and they were required under the charge of the court to return a verdict for the defendant. Their verdict shows that they did not believe this testimony but found that the defendant was mistaken as to what property was covered by the mortgage and mistakenly believed before the payment was made that only the store property was so covered. There was reasonable evidence in the case for this finding.

The defendant was an interested party and the jury were not required to believe his testimony on this vital point. The jury could well have found from the description of the telephone conversation above referred to that this was when the defendant discovered that he had been mistaken in his belief that the mortgage covered only the store property, as shown by his statements to that effect. The mortgage was signed when the defendant was a minor and the jury might well have taken this fact into consideration in finding mistake on the theory that one so young might not have understood fully and clearly just what property was covered.

■ The fact that the defendant signed the mortgage does not charge him with knowledge, as a matter of law, of the extent of the property covered therein so as to prevent recovery on the ground of mutual mistake of fact. For illustrative cases where recovery was allowed where either the plaintiff or defendant could equally as well have been said to be charged with knowledge that would negative mutual mistake see *Varnum* v. *Highgate*, 65 Vt 416, 26 A 628; *Holt* v. *Ruleau*, 92 Vt 74, 102 A 934; *Union Trust Co.* v. *Gilpin*, 235 Pa 524, 84 A 448. The defendant cites us no cases to the contrary.

■ The claim of the defendant that there was no mutual mistake of fact because the plaintiff was charged with constructive notice of the property covered by the mortgage from

its record is also without merit. The plaintiff did not search the real estate records to ascertain what property was covered by the mortgage but this fact does not bar his recovery. This was expressly held in the case of *Betta* v. *Smith*, 368 Pa 33, 81 A2d 538. This was also a case to recover money paid under a mutual mistake of fact and the court held that it was no defense to the action that the plaintiff might have discovered the true fact [ownership of certain rights] had he investigated the records and that he had a right to rely on the positive statement of ownership by the defendant. See also to this effect *Bedell* v. *Wilder*, 65 Vt 406, 411, 26 A2d 589. The same rule applies in cases of fraud and deceit, *Oben* v. *Adams*, 89 Vt 158, 162, 94 A 506, and in other cases, *Island Pond Nat. Bank* v. *LaCroix*, 104 Vt 282, 289, 158 A 684. We see no reason why it should not be applied to a case such as the one at hand. The case of *Wright* v. *Lindsay*, 92 Vt 335, 104 A 148, relied upon by the defendant has to do with the sufficiency of a description in a chattel mortgage as against third persons and is not in point.

There was no error in overruling the defendant's motion for a directed verdict. He also moved to set aside the verdict and for a verdict *non obstante*. It was stated in oral argument that our disposition of his other motion would control as to the latter.

The defendant claims error in respect to the exclusion of evidence. The attorney for the defendant while cross examining the plaintiff said "this matter has been the subject of some other lawsuits, hasn't it?" Objection on the ground that the question was immaterial was sustained. The attorney for the defendant then stated that "Under the usual rules of cross examination I have a right to find out whether at any time previous to this he has made statements which are inconsistent with the statements he now makes on the stand." The court said; "The ruling stands as the question is framed." An exception was allowed the defendant.

The defendant says that the plaintiff had brought other suits in which the pleadings were statements which could be used to test his present testimony and position. The question as framed was immaterial. Nor did it indicate to

the court the position now taken in its support. Opportunity was given to reframe the question which was not taken advantage of. There was no error in the ruling of the court under the circumstances.

*Judgment affirmed.*