# Paul E. MacGowan and Marion K. MacGowan v. Ruby Murin Gaines, Admx., D.B.A., C.T.A., Estate of Joseph C. LaMour

[ 253 A.2d 121 ]

February Term, 1969

Present: Shangraw, Barney, Smith, Keyser, JJ., and Billings, Supr. J.

Opinion Filed April 1, 1969

*Lisman & Lisman* for the Plaintiffs.

*Forrest S. Rose, Esq.,* for the Defendant.

**Keyser, J.** This is an appeal by the defendant from the decree of the chancellor ordering specific performance of a deposit receipt and sales contract covering a parcel of land in the Town of Addison. The decree requires tender of a deed by the defendant within thirty days giving a merchantable title to the real estate in question, payment of the purchase price forthwith thereafter and if the deed is not tendered, the defendant shall pay damages in the sum of $5,000.00.

The broad question raised by the appeal is whether the decree is supported by the findings of fact. The critical issue for us to decide is whether a mutual mistake was made at the time the agreement was executed and thus gives the vendor the right to avoid the agreement.

The following facts are shown by the findings. For sometime before his death Joseph C. LaMour owned a parcel of land in Addison. On October 19, 1963, he executed an option agreement with Leighton F. and Elvira B. Duffany for the purchase of this land. The option was recorded in the Addison land records on January 23, 1965.

Upon the death of Joseph C. LaMour, Theodore Murin was appointed executor of his estate. On January 12, 1965, as such executor he entered into a deposit receipt and sales agreement with the plaintiffs for the same real estate described in the LaMour-Duffany option agreement. The contract with the plaintiffs fixed the purchase price at $11,000.00 with a deposit of $550.00, closing to be on or before March 5, 1965, and the balance of purchase price to be paid "all cash." The deposit was by a check left in escrow with Ruby G. Murin, the real estate broker handling the sale. The executor and broker were advised that there were insufficient funds in the bank to pay the check but that

there were funds in a savings account which would be transferred to the checking account when necessary to cover the check. This transfer was never made and the checking account never had sufficient funds to pay the check.

The sales agreement contained the following provision:

"Second: That in the event title to said property shall not prove merchantable and said seller shall not perfect, or be able to perfect the same within a reasonable time from date hereof, purchaser shall have the option of demanding and receiving back said deposit and shall be released from all obligation hereunder."

At the time the executor and plaintiffs signed the sales agreement neither of the parties thereto had any knowledge of the option previously executed between Joseph C. LaMour in his lifetime and the Duffanys. The executor shortly discovered the existence of the option and on the next day, January 13, 1965, Executor Murin advised the plaintiffs, the MacGowans, by telephone of the existence of this option. Thereafter, on January 15, 1965, the plaintiffs recorded their sales agreement in the Addison land records.

The Probate Court duly issued a license on March 3, 1965, to the executor, Theodore Murin, to sell all of the real estate of the deceased at public or private sale. On April 22, 1965, said executor by his deed conveyed the real estate in question subject to various easements to Leighton F. and Elvira B. Duffany, holders of the option from Mr. LaMour. On the same day, the Duffanys conveyed the same property by warranty deed to George Richard Martin (since deceased) and his wife, Charlotte Ann Martin, who is its present owner. Both deeds were duly recorded in the Addison land records on day of their execution. The premises were worth $11,000.00 on the date of the sales agreement to the plaintiffs and $16,000.00 at the time this action was brought.

Executor Theodore Murin deceased and Ruby Murin Gaines was appointed administratrix d.b.n., c.t.a. of the defendant estate.

The defendant claims the sales memorandum was entered into by the parties under a mutual mistake and thus is voidable.

None of the parties to the agreement knew at the time it was executed of the existence of the prior option agreement between LaMour and the Duffanys. The executor discovered the mistake shortly thereafter, and, as the court found, "advised" the plaintiffs of it the very next

day. The plaintiffs do not deny that they received actual knowledge of this mistake. As a matter of fact they requested the chancellor to find they had no opportunity to transfer funds from their savings account to their checking account to cover the check of $550.00 "because Theodore Murin advised the plaintiffs on the day following the execution of the Deposit Receipt and Sales Memorandum that he would not convey to them." Reasonably construed this could only have been because they had been advised of the option by Executor Murin.

██  Assuming the check of $550.00 was a deposit within the required terms of the written memorandum, the instrument was an executory agreement. Since it related to the sale of real estate, there is an implied condition that excepting for a 20-foot right of way and a surface water line easement mentioned therein, title was to be transferred unencumbered with any defects. In other words, good title was to be given to the property. This is not because the contract says so, but because the law says so. *Drew* v. *Bowen,* 102 Vt. 124, 127, 146 A. 254.

Good title is generally defined as merchantable title. This means one "that may be freely made the subject of resale." *Krulee* v. *Huyck & Sons,* 121 Vt. 299, 304, 156 A.2d 74, 78. In other words, a vendee should have a title that will enable him to hold the land purchased free from the probable claim of another, a title which, if he wished to sell, would be reasonably free from doubt. *First National Bank of St. Johnsbury* v. *Laperle,* 117 Vt. 144, 157, 86 A.2d 635, 30 A.L.R.2d 958.

█  Where a contract has been entered into under a mutual mistake of the parties regarding a material fact affecting the subject matter thereof, it may be avoided in a court of law at the instance of the injured party. *Berard* v. *Dolan,* 118 Vt. 116, 117, 100 A.2d 581; *Enequist* v. *Bemis,* 115 Vt. 209, 212, 55 A.2d 617, 56 A.2d 5, 1 A.L.R.2d 1, and cases cited.

In *Enequist* v. *Bemis, supra,* the question arose as to relief from a contract for the sale of real estate on the ground of mutual mistake. The Court said at page 212, 55 A.2d at page 619: "The mistake must be one vitally affecting a fact or facts on the basis of which the parties have contracted. And where they have mutually assumed a certain state of facts to exist and contracted on the faith of that assumption, relief from the bargain should be given if the assumption is erroneous." Citing, 5 Williston Contracts (Rev.Ed.) para. 1544, p. 4334. Restatement, Restitution, para. 9(3) para. 16, comment c.

■ The mistake was timely called to the attention of the plaintiffs when discovered by the executor. Generally a notice is regarded in law as actual when the person sought to be affected by it knows of the existence of the particular fact in question, or is conscious of having the means of knowing it. 66 C.J.S. Notice §3, n. 60. Here, the plaintiffs had direct, positive knowledge given to them personally by the executor of the mutual mistake which had been made. This gave plaintiffs actual notice and knowledge of the prior option held by the Duffanys.

■ This notice, or knowledge, was given to the plaintiffs two days before the plaintiffs recorded their sales memorandum. Under these circumstances the plaintiffs could derive no benefit from their prior recordation as against the Duffanys. Actual notice to the plaintiffs of the option was tantamount to a record of their sales agreement. *Corliss* v. *Corliss*, 8 Vt. 373, 387; *Spaulding* v. *H. E. Fletcher Company*, 124 Vt. 318, 324, 205 A.2d 556.

■■ Equity always affords relief against mutual mistakes. *McKenzie* v. *McKenzie*, 52 Vt. 271, 277; *Hemphill* v. *New York Life Ins. Co.*, 195 Ky. 783, 243 S.W. 1040, 1042. Courts of equity are created for just such purposes; to reach and correct mistakes in which courts of law have no jurisdiction.

But whether a mistake is to be corrected depends upon the circumstances of the case. *Norton* v. *Haggett*, 117 Vt. 130, 132, 85 A.2d 571. The undisputed fact is that the plaintiffs did not deposit the $550.00 required by the contract; it was only a check without funds in the bank to pay it. The *status quo* of the plaintiffs never changed and they will gain an unearned benefit if the defendant is refused relief.

■ The parties to the plaintiffs' sales agreement labored under the same misconception regarding the ability of the executor to convey a merchantable title to the property. Each party was unaware and had no knowledge of the outstanding option to sell to the Duffanys apparently because of the intervening death of Mr. LaMour. This is not a case where actual knowledge could have been obtained by the executor through the exercise of due diligence and inquiry. But when the mistake was discovered and both the executor and plaintiffs had notice and knowledge of the option, the defendant estate was placed in the position of being unable to give the title called for by its sales agreement with the plaintiffs. In other words, the mutual mistake went to the very essence of the agreement. The facts established by the

record gave the executor the right to renounce the contract as he did the next day after its execution. This was followed by his conveyance to the Duffanys on April 22, 1965.

█ The decree for specific performance is not supported by the findings of fact and requires reversal. On the basis of our holdings on the issue of mutual mistake other points raised need not be considered and final disposition of the case will be made in this Court. 12 V.S.A. §4605; *Turner* v. *Bragg,* 113 Vt. 156, 161, 30 A.2d 450.

*Decree reversed and bill dismissed.*

N.B. This case was originally assigned to **Smith, J.,** but due to his illness and the granting of permission to plaintiffs to file a supplemental brief, it was reassigned to **Keyser, J.**