**UNITED STATES of America**
v.
**Gordon L. THURBER et al.**
**Civ. A. No. 73-143.**

United States District Court,
D. Vermont.
May 22, 1974.

Jerome F. O'Neill, Asst. U. S. Atty. (George W. F. Cook, U. S. Atty., District of Vermont) for plaintiff.

Vermont Legal Aid, Inc., by Patrick R. Berg, Rutland, Vt., for defendants.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

Plaintiff, United States of America, instituted this action to foreclose a mortgage executed by the defendants and mortgagors, Gordon L. Thurber and his former wife, Barbara A. Thurber Prentice. The Government amended their complaint to request a shortened redemption period. The defendant mortgagor, Gordon L. Thurber, admits that the plaintiff loaned him money in 1967 to build a house under section 235 of the National Housing Act; further, that there came a time when he ceased making the payments and this suit to foreclose the mortgage resulted. However, the defendant Thurber has presented a counterclaim against the Government asking for a rescission of the loan agreement between the United States of America and for damages in the amount of $5,000.00.

The defendant's counterclaim asserts these allegations: The Farmers Home Administration represented it would make periodic inspections of the construction of defendant Thurber's home. The defendant Gordon Thurber relied upon such representations as a safeguard against faulty construction. The inspections were negligently performed and, as a result of the negligent inspections, the house was constructed in a faulty manner which caused the cellar of the premises to become flooded, damaging defendant's property.

Defendants Frederick L. Fowler and Ruth Fowler are junior mortgagees. They are also named as defendants in a cross-claim asserted against them by their co-defendant Gordon Thurber. Defendants Barbara A. Thurber Prentice,[1] Beneficial Finance Company and Raymond L. Copping have not answered the Government's complaint.

The United States of America has presented a motion for summary judgment for foreclosure as to the mortgagors and the dismissal of defendant Gordon Thurber's counterclaim.

### Conclusions of Law and Order

#### A. The Foreclosure

Both V.R.C.P. 56(c) and Fed.R.Civ.P. 56(c) provided in common:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

 V.R.C.P. 80.1(c) provides that a defendant must file an affidavit disclosing facts constituting a defense to a motion for summary judgment in an action to foreclosure of a mortgage. Defendant Gordon L. Thurber has presented no defense, factual or legal,[2] to the

---

1. By letter, dated August 30, 1973, Barbara A. Prentice notified the Court that she would not travel into Vermont and does "not want anything what so ever to do with the house."

2. Relying on 24 C.F.R. § 235.235, defendant Gordon Thurber contends that he has an implicit cause of action for damages against the plaintiff and that the plaintiff has not carried out his contractual duties. Defend-

petition for foreclosure. The record is clear and uncontradicted that the defendant Gordon Thurber obtained a loan from the Farmers Home Administration in the principal amount of $12,150.00. The loan was evidenced by a promissory note and secured by a mortgage. An uncontested affidavit on the record shows that the payments on this promissory note are in arrears in the principal amount of $18,022.28, with accrued interest of $2245.48.[3] Since there appears to be no genuine issue as to any material fact and the defendant Gordon Thurber has presented no defense to the petition for foreclosure, the United States is entitled to summary judgment on its motion for foreclosure.

### B. *The Counterclaim*

■ Ordinarily the United States of America may waive its sovereign immunity (1) by statutory consent, usually by operation of the Tucker Act, 28 U.S.C. § 1346(a)(2) et seq. (1971) or by way of the Tort Claims Act, 28 U.S.C. § 2671 et seq. (1971) or (2) by filing its complaint in a matter in which the defendant can assert matters in recoupment. In Frederick v. United States, 386 F.2d 481, 488 (5th Cir. 1967), the Court considered waiver of sovereign immunity by force of the Government's complaint:

> Our conclusion is that when the sovereign sues it waives immunity as to the claims of the defendant which assert matters in recoupment—arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims; . . . .

Accord, United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

■■ In the instant case the counterclaim of the defendant Gordon Thurber, although compulsory under Fed.R. Civ.P. 13(a), is affirmative in the sense that it seeks relief of a different nature and subject matter than the Government's petition to foreclose the defendant's interest in the mortgaged property. As such, a waiver of immunity is required to confer jurisdiction on this court.

---

ant bases this contention on his belief that this regulation required the plaintiff to inspect the defendant Gordon Thurber's housing periodically during construction and to make certain reports on those inspections and even to reject assignment of the mortgage or to refuse to convey the home and property if the house and property do not meet its standards. Defendant Thurber states that this section creates a contractual duty to inspect the premises and that the plaintiff has breached this duty. This argument must fail, since 24 C.F.R. § 235.-235 is a special provision applicable only to mortgages involving condominium units. The regulations relied upon by defendant Thurber have no application to the case at bar. The plaintiff/mortgagee is the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture; not the Federal Housing Administration, United States Department of Housing and Urban Development. The plaintiff in this action makes loans pursuant to Title V of the Rural Housing Act of 1949, as amended (42 U.S.

C. § 1471 et seq.) and the regulations issued pursuant thereto, 7 C.F.R. § 1822 et seq.

3. Defendant Gordon Thurber alleges in paragraph nine of his amended counterclaim and cross-claim that 12 U.S.C. § 1715*l*(d)(2) requires all FHA insured mortgages to be secured by property meeting local ordinances or regulations relating to public health or safety. The Third Circuit in the recent decision of Davis v. Romney, 490 F.2d 1360, 1372 (3rd Cir. 1974) held that this section does not create an implicit cause of action for damages on behalf of homeowners whose mortgages were insured by the Federal Housing Authority despite existing housing code violations. The Court based its decision on their finding that the legislative history is devoid of any clear statement of the purpose for the requirement that homes comply with local ordinances and regulations and the provision was intended to assure the United States of America of adequate security for the mortgages which the Federal Housing Administration insured.

■ The counterclaim alleges misrepresentation and a negligent performance of duty owed by the plaintiff to the defendant. In either aspect, the allegations fail to assert a valid claim for rescission despite the defendants' complaint that he did not have the full benefit of his bargain. See Enequist v. Bemis, 115 Vt. 209, 212, 55 A.2d 617 (1947), reargument denied 115 Vt. 215, 56 A.2d 5. One seeking to rescind a contract must act with reasonable dispatch to return what he has received in the transaction. Howard v. Howard, 122 Vt. 27, 33, 163 A.2d 861 (1960). Ordinarily one may not enjoy the fruits of his contract and at the same time repudiate his undertaking on the ground that he was wrongfully induced to make it. Irish v. Central Vt. Ry., 164 F.2d 837, 840 (2d Cir. 1947) (appeal from D. Vt.).

■ In the field of torts, in certain cases the United States has waived its sovereign immunity. 28 U.S.C. § 2671 et seq. Whether this is a case where immunity has been waived need not be decided. When an injury is suffered as the result of a negligent act and some damage is discernable at the time, the two year statute of limitations begins to run on a tort claim against the United States. 28 U.S.C. § 2401(b). Defendant Thurber's counterclaim makes it clear that the injury he is alleging was discernable in the spring of 1967. Defendant Thurber's counterclaim for any affirmative relief based on tortious conduct is barred by the statute of limitations. See Mendiola v. United States, 401 F.2d 695 (5th Cir. 1968).

■ A counterclaim against the United States otherwise barred by Section 2401(b) may be asserted by way of set-off or recoupment only if it is founded on the same transaction as the Government's claim. See Bull v. United States, 295 U.S. 247, 261, 55 S.Ct. 695, 79 L.Ed. 1421 (1935).

■ To the same effect, the Tucker Act, 28 U.S.C. § 1346(a)(2) provides a waiver of sovereign immunity in certain instances for contract and other civil actions. However, the Second Circuit has consistently held that under the Tucker Act no affirmative recovery may be had by means of a counterclaim against the United States, and that the only relief against the United States by means of a counterclaim is in the nature of recoupment or set-off. United States v. Nipissing Mines Co., 206 F. 431, 434 (2d Cir. 1913); United States v. Ameco Electronic Corp., 224 F.Supp. 783 (E.D. N.Y.1963).

■ In the instant action the Government seeks only the foreclosure of the mortgage. There is no prayer for a deficiency judgment or money damages. Defendant Gordon Thurber contends that his counterclaim is not barred by the statute of limitations since it is in the nature of a set-off and is allowable at any time as long as defendant's cause of action arises out of the same facts and circumstances. Whether this would be dispositive in the case at bar need not be decided at this time since the instant counterclaim is clearly not in the nature of a set-off since the claim of the plaintiff and the counterclaim of the defendant do not involve fungible obligations which can be set-off against each other. United States v. Ameco Electronic Corp., 224 F.Supp. 783 (E.D.N.Y.1963).

■ Similarly, it is the law of Vermont that counterclaims asserted by way of defense to a petition to foreclose a real estate mortgage must be germane and not extraneous to the mortgage. Hardwick Trust Company v. Dodge, 116 Vt. 349, 350, 75 A.2d 660 (1950, Blackmer, J.).

Accordingly, it is hereby ordered:

That defendant Gordon L. Thurber's counterclaim against the United States of America be dismissed, and

That plaintiff, United States of America's motion for summary judgment is granted, and

That the parties shall submit a judgment and decree of foreclosure to this Court for approval, as provided in V.R.. C.P. 80.1(f) and 58, within 20 days from the date of this order.