UNITED STATES of America, Plaintiff,

v.

Francis A. LEVERING, Jr., Defendant.

Civ. A. No. 77–142.

United States District Court,
D. Delaware.

Feb. 24, 1978.

James W. Garvin, Jr., U. S. Atty., and Alan J. Hoffman, Asst. U. S. Atty., Wilmington, Del., and Barbara Allen Babcock, Asst. Atty. Gen., and J. Roger Edgar, Alexander Younger, and Paul A. Blaine, Dept. of Justice, Washington, D. C., for plaintiff.

Michael N. Castle, of Schnee & Castle, P. A., Wilmington, Del., for defendant.

## OPINION

STEEL, Senior District Judge:

The United States brought this civil action against the defendant Francis A. Levering, Jr., to recover damages allegedly resulting from the "alleged fraudulent conduct of the defendant in the acquisition of funding for mortgages . . . insured by the Federal Housing Authority."[1] The defendant answered the complaint and at the same time counterclaimed for malicious

prosecution.[2] Thereafter, the United States moved the Court to dismiss the counterclaim and each party filed a memorandum of points and authorities on the issue. The counterclaim will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

Counterclaims seeking affirmative relief against the United States, whether compulsory or permissive, cannot be maintained unless the United States has statutorily consented to be sued on the claim. *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); see *United States v. Thurber et al.*, 376 F.Supp. 670 (D.Vt.1974); *United States v. Angel*, 347 F.Supp. 830 (E.D.Pa.1972); 3 *Moore's Federal Practice* ¶ 13.28, at 13—716–19 (2d ed. 1974); cf. *Burgess et al. v. M/V Tamano et al.*, 382 F.Supp. 351, 355–56 (D.Me.1974); but cf. *Department of Transp. v. American Commercial Lines, Inc.*, 350 F.Supp. 835 (N.D.Ill.1972). The United States has consented to be sued for certain torts in the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1970), and has conferred jurisdiction over the claims on this Court, *id.* §§ 1345–1346, but it expressly excepted malicious prosecution from those consent and jurisdiction provisions. *Id.* § 2680. Since the counterclaim is based on a cause of action to which the United States has not consented, this Court has no jurisdiction to award affirmative relief on the counterclaim.

Nor can the counterclaim be maintained as a matter of recoupment or set-off. It does not arise out of the same transaction that forms the basis of the United States' claim, as required for a recoupment, see *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *Nally v. McClements*, 295 F.Supp. 1357 (D.Del.1969); 3 *Moore, supra*, ¶ 13.02, at 13—54, and it is not a liquidated claim, as required for a set-off, see *Thurber, supra*, at 674 (D.Vt. 1974); 3 *Moore, supra*, at 13—53; 20 Am.

---

1. Memorandum of Defendant at 1.

2. The counterclaim alleges that plaintiff "has intentionally and maliciously sued the defendant without just cause or reason" and requests judgment against the United States for punitive

damages in the amount of $100,000, as well as counsel fees and costs. Defendant concedes in his memorandum that the counterclaim is one for malicious prosecution of the present proceedings.

Jur.2d *Counterclaim, Recoupment, and Set-off* § 61 (1965).

*City of Newark v. United States*, 254 F.2d 93 (3d Cir. 1958), cited by defendant, does not require a different conclusion. The Court's footnote to the effect that the United States opens itself to defenses and counterclaims by bringing an action as plaintiff is mere dictum and is at variance with the vast majority of cases cited *supra*. See *Alaska v. O/S Lynn Kendall*, 310 F.Supp. 433 (D.Alaska 1970).

■ The counterclaim must also be dismissed for failure to state a claim upon which relief can be granted. An essential element of a cause of action for malicious prosecution is termination of the proceedings favorably to complainant. *D. Prosser, Torts* § 119, at 835 and § 120, at 853 (4th ed. 1971); *Restatement (Second) of Torts* § 674 (1977); 52 Am.Jur.2d *Malicious Prosecution* §§ 6, 29 (1970); 54 C.J.S. *Malicious Prosecution* § 54 (1948); Annot., 14 A.L.R.2d 264, 276 (1950), and cases cited therein. It follows that a counterclaim for malicious prosecution may not be interposed in the very proceeding that is the basis of the claim. *Ivey v. Daus*, 17 F.R.D. 319 (S.D.N.Y.1955); *Alexander v. Petty*, 35 Del.Ch. 5, 108 A.2d 575 (1954); *Prosser, supra*, at 853; Note, 58 *Yale L.J.* 490 (1949); 54 C.J.S. *Malicious Prosecution* § 54 (1948). Since this proceeding is the one about which defendant complains,[3] he has no cause of action at this time.

■ Defendant's argument that his counterclaim may be compulsory and that its dismissal would prematurely adjudicate his rights has no merit. Under Rule 13(a), compulsory counterclaims are claims "which at the time of serving the pleading the pleader has against any opposing party . . . ." Since no cause of action for malicious prosecution arises until the proceedings have terminated, a counterclaim for malicious prosecution interposed in the very proceeding complained about is not compulsory. See *Poloron Prods., Inc. v. Lybrand, Ross Bros. & Montgomery*, 66 F.R.D. 610–15 (S.D.N.Y.1975); *cf. Fischer & Porter Co. v. Haskett*, 287 F.Supp. 831 (E.D.

Pa.1968); *Goodyear Tire & Rubber Co. v. Marbon Corp. et al.*, 32 F.Supp. 279 (D.Del. 1940). Since it is not compulsory, it has been held that the claim is not barred by the compulsory counterclaim rule when it is asserted in a subsequent suit. *Cf. Miner et al. v. Commerce Oil Refining Corp.*, 198 F.Supp. 887, 893 (D.R.I.1961), *rev'd on other grounds*, 303 F.2d 125 (1st Cir. 1962).

The United States' motion to dismiss the counterclaim will be granted.