Howard **MARTIN**, Plaintiff,

v.

**JOHN C. BOWERS & CO.**, and Istvan Harangi, Defendants.

No. 71 C 2223.

United States District Court,
N. D. Illinois, E. D.

Oct. 7, 1971.

**6**

---

F. Willis Caruso, James M. Rosenbaum, Marilyn R. Brown, Ronald S. Samuels, Chicago, Ill., for plaintiff.

Gary D. Friedman and David L. Passman, Chicago, Ill., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

PERRY, District Judge.

This cause coming on to be heard upon the Complaint of Howard Martin, and the oral Answer of the Defendants John C. Bowers d/b/a John C. Bowers Company and Istvan Harangi, in a Consolidated Hearing held pursuant to Rule 65(a) (2) of the Federal Rules of Civil Procedure, and the Court having heard the testimony of various witnesses duly sworn and examined in open court, and other evidence offered by the parties in support of their Complaint and Answers respectively, and the Court having considered all the evidence offered and being fully advised in the premises,

### FINDS THE FACTS TO BE AS FOLLOWS:

1. That the plaintiff, Howard Martin, is and was at all times relevant hereto a Negro citizen of the United States of America, who resides in Chicago, Illinois, and who has been seeking to rent a residential apartment.

2. That the Defendant John C. Bowers d/b/a John C. Bowers Company is real estate agent and rental agent for a multi-unit residential apartment building located at 3720–28 North Pine Grove, Chicago, Illinois, and may take rental applications for the aforementioned building, the business office of said Defendant, being located at 4628 North Broadway, Chicago, Illinois.

3. That Istvan Harangi is an on site janitor-rental agent for the multi-unit residential apartment building located at 3720–28 North Pine Grove, Chicago, Illinois, and is an employee-agent of Defendant John C. Bowers d/b/a John C. Bowers Company, and may take rental applications for the aforementioned building.

4. That Marvin Miller is an employee of Defendant John C. Bowers d/b/a John C. Bowers Company in charge of the multi-unit apartment building located at 3720–28 North Pine Grove, Chicago, Illinois, and among his duties was the recording and maintenance of apartment availability records for the aforementioned building. In the course of his employment, Marvin Miller had actual knowledge that a basement apartment was available for rental in the aforementioned building, at least sixty (60) days prior to October 1, 1971.

5. That Mr. John T. Woltjen is employed as a full-time investigator of housing discrimination claims, by the Leadership Council for Metropolitan Open Communities, an organization seeking to eliminate discrimination in housing in the Chicago area.

6. That on September 7, 1971, at 1:50 p. m., Mr. John T. Woltjen visited the multi-unit apartment building located at 3720–28 North Pine Grove, Chicago, Illinois, and was there and then told of the availability of two apartments, one on the second floor and one on the third floor of said building. Mr. John T. Woltjen then made an application for the third floor apartment and placed a deposit upon that apartment, at which time Mr. John T. Woltjen observed a "For Rent" sign in the apartment of Defendant Istvan Harangi, advertising the availability of a basement apartment in the aforementioned building.

7. That on September 7, 1971, at 2:10 p. m. fifteen minutes after the events described in Paragraph 6 above the Plaintiff, Howard Martin entered the office of John C. Bowers d/b/a John C. Bowers Company and asked Marie Folta, a receptionist employed in that office, and Marvin Miller if there were any apartments for rent in the building located at 3720–28 North Pine Grove, Chicago, Illinois; Plaintiff Howard Martin was told that there were no apartments available.

8. There was some confusion because Defendant Istvan Harangi does not speak and understand English very well and the Court cannot and does not find that he discriminated against Plaintiff Howard Martin.

9. The evidence does not reveal that Defendant John C. Bowers d/b/a John C. Bowers Company had any actual knowledge of any discrimination against the Plaintiff, but only his agents. The Court cannot and does not find him guilty of any wilful discrimination against the Plaintiff on account of the acts of his agents. On the contrary, he has caused an apartment to be leased to the Plaintiff Howard Martin. The Plaintiff did not prove any substantial damages that he suffered other than obligations for costs and reasonable attorney's fees which the Court finds to be $300.00. He testified that he felt bad about being turned down but his feelings were not greatly injured when he is willing to rent through Defendant John C. Bowers d/b/a John C. Bowers Company. Plaintiff's damages were de minimus and nominal at most. The Court finds such damages to be $100.00.

## CONCLUSIONS OF LAW

1. That this action is properly brought pursuant to 42 U.S.C. § 1982, and 42 U.S.C. § 3604, and 42 U.S.C. § 3612.

2. That the Court properly has jurisdiction, pursuant to 28 U.S.C. § 1343 (3), (4) and § 2201, and 42 U.S.C. § 3612.

3. That the experiences of John T. Woltjen established a standard as to the "same right * * * as is enjoyed by white citizens * * * to * * * lease * * * real * * * property" pursuant to 42 U.S.C. § 1982.

4. That on September 7, 1971, Marvin Miller told the Plaintiff Howard Martin that no apartments were available for rental or lease in the multi-unit apartment building located at 3720–28 North Pine Grove, Chicago, Illinois, when in fact Marvin Miller, as agent of John C. Bowers d/b/a John C. Bowers Company, knew of no less than two (2) such apartments which were in fact available, to-wit, the second floor apartment and the basement apartment in the aforementioned building; which conduct constituted discrimination on the basis of race toward Howard Martin in that he was denied the same right as is enjoyed by white citizens to lease real property and in that Howard Martin was refused the right to rent after making a bona fide offer on the basis of his race.

5. The Defendant John C. Bowers d/b/a John C. Bowers Company is liable for the acts of his agents who did in fact discriminate against the Plaintiff.

6. There is no showing of wilfullness or malice that warrants the Court in entering any Injunction against the Defendant, John C. Bowers d/b/a John C. Bowers Company.

**8**

7.  The Plaintiff is entitled to a judgment for $100.00 and for $300.00 attorney's fees and costs.

These Findings of Fact and Conclusions of Law will stand as the Court's Findings and Conclusions to satisfy the requirements of Rule 52 of the Federal Rules of Civil Procedure.