**Richmond IZARD and Nancy Izard, Plaintiffs,**

v.

**Ralph ARNDT and Martha Arndt, Defendants and Third Party Plaintiffs,**

v.

**Fred FREIBERT and Metropolitan Milwaukee Fair Housing Council, Third Party Defendants.**

Civ. A. No. 78–C–776.

United States District Court, E. D. Wisconsin.

Jan. 25, 1980.

Donald R. Goldberg, Milwaukee, Wis., for plaintiffs.

Robert L. Elliott, Milwaukee, Wis., for defendants and third party plaintiffs.

James A. Walrath, Milwaukee, Wis., Martin Sloane and Bruce S. Gelber, National Committee Against Discrimination in Housing, Washington, D. C., for third party defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a housing discrimination action for money damages and declaratory relief brought pursuant to 42 U.S.C. § 1982 and 42 U.S.C. § 3604.

Plaintiffs are a black married couple who allege that defendants refused to rent to them on account of their race. Defendants in their answer denied the allegations and in addition stated a third party complaint against the Metropolitan Milwaukee Fair Housing Council and its director Fred Freiberg, alleging what is essentially a claim for malicious prosecution. Defendants also counterclaimed against plaintiffs for conspiring with the third party defendants to institute a malicious prosecution. Third party defendants then moved to dismiss or to strike the third party complaint and in addition filed a counterclaim against defendants for violation of 42 U.S.C. § 3617 and for tortious interference with business relationships.

There are seven motions currently before the Court. They are: (1) defendants' motion to dismiss the original complaint; (2) third party defendants' motion to dismiss the third party complaint; (3) third party defendants' motion to strike the third party complaint; (4) defendants' motion for joinder pursuant to Rule 13(h); (5) plaintiffs' motion to dismiss defendants' counterclaim; (6) defendants' motion to dismiss third par-

ty defendants' counterclaim; and (7) third party defendants' motion for attorneys' fees.

### 1. Defendants' Motion to Dismiss the Original Complaint

Defendants move that the portion of the complaint which alleges a cause of action under 42 U.S.C. § 3604 be dismissed on the ground that it falls within the exception set out in 42 U.S.C. § 3603(b)(1). In support of this motion, defendants rely on a series of affidavits relating to the nature and number of the properties that they own. Since these are matters outside the scope of the pleadings, the motion will be treated as one for summary judgment under Rule 56.

42 U.S.C. § 3603(b)(1) provides that the provisions of § 3604 prohibiting discrimination in the sale or rental of housing do not apply to owners of single family houses if a number of conditions are met. Among these conditions are (1) the individual seeking benefit of the exception may not own or have an interest in more than three single family houses; and (2) the house to which the exception applies may not be sold or rented using the services of any person engaged in the business of renting or selling dwellings.

Affidavits submitted by the defendants indicate that they own three single family houses, thereby satisfying the first condition. Plaintiffs do not seriously contest this assertion. Third party defendants, however, have submitted copies of lease agreements and portions of testimony taken at defendants' deposition which indicate that defendants have entered into at least five rental transactions within the last twelve months. 42 U.S.C. § 3603(c) provides that a person shall be deemed to be in the business of selling or renting dwellings if within the preceding twelve months such person has engaged in three or more transactions involving the sale or rental of any dwelling or interest therein. If defendants are found to be in the business of selling or renting dwellings, they cannot satisfy the second condition of § 3603(b)(1), and the exception contained therein will not apply.

Since there now appears to be a genuine factual issue as to the applicability of the exception, the issuance of summary judgment is precluded. *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir. 1976).

Defendants also argue that the § 1982 action should be dismissed as to Mr. Arndt since he was out of the state at the time the alleged discrimination occurred and cannot be held responsible for his wife's discriminatory conduct. Mr. Arndt's affidavit indicates that he was working in Alaska from October 15 to December 8, 1978. The alleged discrimination occurred on November 12, 1978. Both Mr. and Mrs. Arndt claim that the sole responsibility for renting the house in question lay with Mrs. Arndt and that Mr. Arndt never authorized her to engage in any form of discriminatory behavior.

Defendants' argument, however, ignores the fundamental precepts of the law of agency. It is well settled that a principal will be held liable for the wrongful acts of his agent if such acts are within the scope of the agent's apparent authority. *Fey v. Walstrom & Co.*, 493 F.2d 1036, 1052–53 (7th Cir. 1974). This fully applies to acts of racial discrimination, and the courts have imputed the discriminatory acts of rental agents to the property owners they are employed by for purposes of both 42 U.S.C. § 1982 and the Fair Housing Act of 1968. See *United States v. Real Estate Development Corp.*, 347 F.Supp. 776, 785 (N.D.Miss.1972); *Martin v. John C. Bowers and Co.*, 334 F.Supp. 5, 7 (N.D.Ill.1971). Defendants' affidavits show that the Arndts established an agency relationship with respect to renting the property in question. Mr. Arndt could not directly participate in locating a tenant for the house that he owned jointly with his wife, so he delegated the responsibility to her. All of the material allegations in the complaint concern actions taken by Mrs. Arndt which were directly related to her position as a rental agent. While it may be true, as defendants' allege, that Mr. Arndt never specifically authorized his wife to engage in racial discrimination, her actions in deciding

who would or would not be accepted for tenancy were within the scope of her agency and may be imputed to her husband. Accordingly, defendants' second argument in support of its motion for summary judgment must be dismissed as a matter of law.

### 2. Third Party Defendants' Motion to Dismiss Third Party Complaint

■ Both parties agree that the third party complaint filed by defendants against the Metropolitan Milwaukee Fair Housing Council and its director Fred Freiberg should be viewed as an attempt to state a claim for malicious prosecution. The problem is that the action which forms the basis for the third party complaint is the housing discrimination suit currently pending before this court. In order to maintain an action for malicious prosecution, defendant and third party plaintiff must show that the underlying litigation has been terminated in his favor. *Hammond Lead Products v. American Cyanamid Co.*, 570 F.2d 668, 673 (7th Cir. 1977). Defendants have not alleged that the underlying litigation has been terminated in their favor, nor could they since the litigation has not been so terminated.

■ Defendants and third party plaintiff seek to avoid a motion to dismiss for failure to state a claim upon which relief can be granted by arguing that under modern rules of notice pleading, they need only show termination in their favor as of the time of trial. The courts, however, have uniformly held that a claim for malicious prosecution may not be interposed into the very proceedings which form the basis for such claim. *LaSalle National Bank v. 222 East Chestnut Street Corp.*, 267 F.2d 247, 252 (7th Cir. 1959), cert. denied, 361 U.S. 836, 80 S.Ct. 88, 4 L.Ed.2d 77; *Shwab v. Doeltz*, 229 F.2d 749 (7th Cir. 1956); *United States v. Levering*, 446 F.Supp. 977 (D.Del. 1978); *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 344 F.Supp. 357 (E.D.Pa. 1972). Such a claim is simply premature.

Defendants' third party complaint is therefore dismissed without prejudice.

### 3. Third Party Defendants' Motion to Strike Third Party Complaint

In view of the dismissal of the third party complaint for failure to state a claim upon which relief can be granted, it is unnecessary to consider third party defendants' motion to strike on grounds of misjoinder.

### 4. Defendants' Motion for Joinder. Pursuant to Rule 13(h)

Defendants' attempt to effect proper joinder pursuant to Rule 13(h) is also mooted by the dismissal for failure to state a claim and need not be further considered by the Court.

### 5. Plaintiffs' Motion to Dismiss Defendants' Counterclaim

Defendants have counterclaimed against plaintiffs for conspiring with third party defendants to institute a malicious prosecution. Since the litigation underlying this claim has not been terminated in defendants' favor, the claim must be dismissed for the reasons discussed above in connection with the dismissal of the third party complaint.

### 6. Defendants' Motion to Dismiss Third Party Defendants' Counterclaim

Third party defendants have counterclaimed against defendants, alleging that by filing the third party complaint for malicious prosecution, defendants unlawfully interfered with activities designed to aid and encourage others in the exercise of their civil rights in violation of 42 U.S.C. § 3617, in addition to tortiously interfering with third party defendants' business relationships.

Defendants first argue that they are exempt from claims under the Fair Housing Act of 1968 by virtue of 42 U.S.C. § 3603(b)(1). As noted above, however, there is a factual issue as to whether defendants are "person in the business of selling or renting dwellings," thereby making them ineligible for the § 3603(b)(1) exemption. This is enough to defeat the motion for summary judgment.

Defendants also argue that if the Court' dismissed the third party complaint on the ground that a claim for malicious prosecution may not be introduced into the same proceedings that allegedly give rise to such claim, then it is required to dismiss the third party defendants' counterclaim on the same ground. Third party defendants respond that theirs are not claims for malicious prosecution but rather are claims for interference with enjoyment of civil rights and tortious interference with business relationships, neither of which are subject to the same limitations as a claim for malicious prosecution.

No matter how third party defendants denominate their claims, however, the fact is that the only basis in the complaint for either of the claims is defendants' conduct in filing the third party complaint for malicious prosecution. Third party defendants have alleged no other conduct on the part of defendants resulting in harm to them. The only conduct complained of is the institution of the suit for malicious prosecution.

 Under these circumstances, the Court believes that the third party defendants are required to show that the malicious prosecution suit has been terminated in their favor. This was not alleged in the counterclaim, nor could it have been, for at the time the counterclaim was filed, the suit for malicious prosecution was still pending. Now it may well be that this Court's action in dismissing defendants' claim for malicious prosecution for failure to state a claim upon which relief may be granted was a termination in favor of the third party defendants. See *Hammond Lead Products v. American Cyanamid Co.*, 570 F.2d 668 (7th Cir. 1977) (dismissal for lack of venue was a termination in favor of party seeking to bring action for malicious prosecution). This, however, does not operate to cure the defect in the pleadings, for the sufficiency of a complaint must be judged by the facts alleged therein, not by subsequently occurring events which become known to the court. *LaSalle National Bank v. 222 East Chestnut Street Corp.*, 267 F.2d 247, 252–253 (7th Cir. 1959).

Accordingly, third party defendants' counterclaim is dismissed without prejudice.

### 7. *Third Party Defendants' Motion for Attorneys' Fees*

 The general rule in this country is that the parties to a lawsuit must pay their own attorneys' fees no matter which party ultimately prevails. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). There are certain exceptions to this rule, however, among them the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988 which in pertinent part provides:

"* * * In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

While the statute itself does not distinguish between plaintiffs and defendants, the courts have interpreted the statute as entitling prevailing plaintiffs to attorneys' fees as a matter of course while entitling prevailing defendants to such fees only upon a showing of "exceptional circumstances" such as bad faith or frivolous or vexatious claims. *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Third party defendant makes two arguments in support of its claim for attorneys' fees expended in the course of defending defendants' action for malicious prosecution. First, they argue that they should be treated as a prevailing plaintiff for purposes of attorneys' fees since they are the "chosen instruments of Congress" for the purpose of vindicating the nation's civil rights policies. Second, they argue that even if the "exceptional circumstances" test is applied, they are entitled to attorneys' fees since defendants' claim against them was plainly frivolous.

 Turning first to the second point, I find that the suit for malicious prosecution was frivolous. The rule that the underlying

litigation be terminated in favor of the party bringing suit is well settled and apparently was brought to the attention of defendants' attorney before the third party complaint was ever served. Knowing that the underlying litigation had not been terminated, defendants' attorney should have realized that the suit for malicious prosecution had no chance of success. This would entitle third party defendant to attorneys' fees were it not that they subsequently engaged in almost identical behavior. Their counterclaim, though not denominated as such, was a claim for malicious prosecution based on a lawsuit that had not yet been terminated in their favor. Thus, both parties are equally guilty of instituting frivolous litigation, and one party cannot now request attorneys' fees based on the sins of the other.

Third party defendants also argue that they should be treated as prevailing plaintiffs for the purposes of attorneys' fees because of their status as a community organization devoted to the protection of civil rights. They find support for this position in *Green v. Griffith*, P.H.E.O.H. Rep. § 15,-289 (S.D.Ohio, April 17, 1979), in which a district court granted attorneys' fees under the prevailing plaintiff standard to a community organization, engaged in civil rights work, which was named as a third party defendant in a complaint which was later dismissed. The Court determined that organizations, such as third party defendants, are the "chosen instruments of Congress" for vindicating the nation's civil rights policies, and that consequently the policy reasons for limiting the award of attorneys' fees to a prevailing defendant did not apply in that case.

While this may or may not be correct, *Green* is distinguishable from the case at bar. When the third party defendant in *Green* was served with a meritless third party complaint, it did not turn around and file an equally meritless counterclaim of its own. That, however, was the course that third party defendants in this case chose to take. To award them attorneys' fees solely because of their status as a public interest civil rights organization when they engaged in essentially the same conduct as their opponents, who happen to be private individuals, would be patently unfair, and the Court declines to exercise its discretion in order to do so.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the complaint in the above-entitled action be and hereby is denied.

IT IS FURTHER ORDERED that third party defendants' motion to dismiss the third party complaint in the above-entitled action be and hereby is granted.

IT IS FURTHER ORDERED that plaintiffs' motion to dismiss the counterclaim filed by defendants in the above-entitled action be and hereby is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss the counterclaim filed by the third party defendants in the above-entitled action be and hereby is granted.

IT IS FURTHER ORDERED that third party defendants' motion for attorneys' fees be and hereby is denied.